UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
PAUL ATANASIO, individually and derivatively on
behalf of SOMERSET PRODUCTION COMPANY,
LLC,

                      Plaintiff,

    -against-

THOMAS O'NEILL,

                      Defendant.
---------------------------------------------------------------- x

ORDER OF REMAND

16-CV-2269 (ENV)(RLM)

Kings County Supreme Court,
Index No. 502769/2016

VITALIANO, D.J.

Plaintiff Paul Atanasio brought this action, both individually and derivatively on behalf of Somerset Production Company, LLC ("Somerset") against Thomas O'Neill, a constituent member of Somerset. The case was originally filed in New York Supreme Court, Kings County. The short journey from state court to blocks away comes by way of the lawsuit's removal to federal court under 28 U.S.C. §§ 1332 and 1441, with subject matter jurisdiction based on alleged diversity of citizenship. Plaintiff now moves to remand it. For the reasons that follow, his motion is granted, though plaintiff's demand for attorney's fees is denied.

## Background

The April 2016 complaint that Atanasio filed in Kings County Supreme Court alleged, among other things, that O'Neill had breached fiduciary duties owed to Somerset by withdrawing $4.7 million from Somerset's accounts in order to fund his extravagant personal lifestyle. (Compl. ¶¶ 22-28, ECF No. 1-1). The complaint raised claims (1) seeking rescission, (2) for breach of fiduciary duty, (3) charging abuse of control, (4) for conversion, (5) of unjust

1

enrichment and (6) for an accounting. (Compl. ¶¶ 41-77). Dispositively with respect to this motion, the complaint also alleged that both Atanasio and O'Neill were members of Somerset. (Compl. ¶¶ 5-6).

In May 2016, defendant filed a notice of removal, which alleged that removal was proper based on the parties' diversity of citizenship. (Notice of Removal ¶ 8, ECF No. 1 (citing 28 U.S.C. §§ 1332 and 1441)). Specifically, O'Neill alleged that Atanasio was a citizen of New York, while he was a citizen of Florida. (Notice of Removal ¶ 9).

In July 2016, Atanasio filed a motion to remand, which O'Neill formally opposed. (Pl.'s Mot. Remand, ECF No. 11; Def.'s Mem., ECF No. 12). On December 6, 2016, the Court ordered additional briefing to address a discrete jurisdictional point that had gone unaddressed, (12/6/16 Order), and the parties filed simultaneous responses on December 20, 2016, (Pl.'s Second Mem., ECF No. 17; Def.'s Second Mem., ECF No. 16).

## Standard of Review

Federal courts are courts of limited subject matter jurisdiction. *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005). The statutory provision invoked here as authorization for removal of a case filed in state court to federal court does not expand those limitations. *See* 28 U.S.C. § 1441(a) (permitting "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be removed to federal court); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134, 126 S. Ct. 704, 707, 163 L. Ed. 2d 547 (2005) ("A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." (citing 28 U.S.C. § 1441)). "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional

usurpation of state judicial power." *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 346 (D.N.J. 2010) (quoting Charles Alan Wright et al., 13 Federal Practice & Procedure § 3522 (3d ed. 2008)). Accordingly, if a federal court lacks subject matter jurisdiction over the removed action, the case must be remanded from whence it came. *See* 28 U.S.C. § 1447(c). Removal statutes are, moreover, to be strictly construed, and any doubts are to be resolved in favor of remand. *See Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 382-83 (S.D.N.Y. 2006); *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324-25 (E.D.N.Y. 1998). The party seeking removal "bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)).

## Discussion

O'Neill asserts that removal was proper under § 1441 because, had Atanasio filed his case in federal court, federal subject matter jurisdiction over the action would have been present on the basis of diversity of citizenship, (Notice of Removal ¶ 8 (citing 28 U.S.C. §§ 1332 and 1441))—jurisdiction which exists when the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000,[1] 28 U.S.C. § 1332(a). But, a case qualifies for diversity jurisdiction under § 1332(a) only when there is complete diversity between the adverse parties, i.e., only when no plaintiff is a citizen of the same state as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005).

The initial briefs sparring over diversity jurisdiction filed by each side focused on Atanasio's citizenship. (Pl.'s Mem., ECF No. 11-20; Def.'s Mem.). Specifically, because it is

---

[1] There is no dispute that the amount-in-controversy requirement of diversity jurisdiction is met in the present case.

undisputed that O'Neill is a citizen of Florida, the parties framed the question of whether Atanasio was also a citizen of Florida as the sole dispositive issue on the motion to remand. (Pl.'s Mem. 3-8; Def.'s Mem. 3-7). The circumscription of their focus, however, overlooked a second issue. When that oversight became apparent, supplemental briefing was ordered on the question of whether Somerset's citizenship, independent of Atanasio's, destroyed complete diversity. (12/6/16 Order). As the supplemental briefing makes plain, the question of Atanasio's citizenship is academic. Indeed, on the strength of that briefing, O'Neill consents to remand—though begrudgingly so. (Def.'s Second Mem. 34). Yet, since Atanasio now seeks to punish O'Neill by demanding attorney's fees, it is important to show the analytical underpinnings for the Court's request for supplemental briefing and defendant's decision to consent to remand.

In a derivative action commenced on behalf of a limited liability company ("LLC"), the LLC itself is a necessary party under Rule 19 of the Federal Rules of Civil Procedure. *See Cook v. Toidze*, 950 F. Supp. 2d 386, 390 (D. Conn. 2013) (noting that, in "a derivative suit, the limited liability company is not a nominal party"); *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008) (concluding that a LLC was a necessary party to "derivative claims raised on its behalf"). That, of course, is precisely the case here, and, in conformity with this stricture, Atanasio has styled Somerset as a plaintiff. (*See* Notice of Removal; Pl.'s Mot. Remand). In a derivative suit, more importantly, it is the rule that the LLC's citizenship should be taken into account for purposes of determining the presence of diversity jurisdiction. *See, e.g., Cook*, 950 F. Supp. 2d at 390; *Bartfield*, 578 F. Supp. 2d at 650. Critically, a LLC takes the citizenship of all its members. *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). There appears to be no reason to except derivative suits from the ambit of

this general rule, and no such exception will be created here.[2]

Applying the analytical framework sketched out above in order to detail the legal landscape forming the backdrop for defendant's consent to remand, because Atanasio's complaint alleged that both he and O'Neill are members of Somerset (Compl. ¶¶ 5-6), Somerset takes the citizenships of both members. As currently styled, then, Somerset and Atanasio are listed as plaintiffs, with O'Neill named as the sole defendant. In this arrangement of the parties, complete diversity is lacking since at least one plaintiff (Somerset) and the sole defendant (O'Neill ) are citizens of Florida. This alignment does not necessarily end the analysis, however, because, in derivative actions, a court has some flexibility to align the collective entity as a defendant rather than a plaintiff. *See DirecTV Latin Am., LLC v. Park 610, LLC*, No. 08 Civ. 3987 (VM)(GWG), 2009 WL 692202, at *5 (S.D.N.Y. Mar. 18, 2009) (citing *Lewis v. Odell*, 503 F.2d 445, 447 (2d Cir. 1974)), *report and recommendation adopted by* 614 F. Supp. 2d 446 (S.D.N.Y. 2009). Indeed, in the right circumstances, a LLC may be realigned for jurisdictional purposes. *Id.*

But the Court need not consider realignment of Somerset for purposes of evaluating diversity jurisdiction because, even assuming that Somerset ought to be characterized as a defendant, complete diversity would still be wanting. Simply put, all else notwithstanding, if Somerset were to be realigned, Atanasio would then be the sole plaintiff, while Somerset and O'Neill would be defendants. As a consequence of Somerset also taking Atanasio's citizenship

---

[2] O'Neill correctly points out that the question of the citizenship of LLCs, for purposes of diversity jurisdiction, has not been definitively settled by the Supreme Court, *cf.* Charles Alan Wright et al., 13F Federal Practice & Procedure § 3630.1 (3d ed. 2009) (noting that "every federal circuit in the nation . . . ha[s] considered the citizenship of all the members [to define the citizenship] of limited liability companies"), and he represents his good faith that he would be entitled to press on to seek such consideration. (Def.'s Second Mem. 3-4). He has, he advises, consented to remand only for reasons of economy. (*Id.*).

in addition to O'Neill's, the sole plaintiff and at least one defendant (Somerset) would then have Atanasio's citizenship. Therefore, regardless of the state, complete diversity would still be lacking. In sum, in this case—as in any other where a LLC and squabbling LLC members form a cohort of adverse parties—federal diversity jurisdiction over the squabble is not available under § 1332(a). *See Cook*, 950 F. Supp. 2d at 390 n.4 (concluding, in a derivative suit where LLC members were adverse parties, that "regardless of where [the LLC] is aligned in this suit, there is no diversity"); *DirecTV*, 2009 WL 692202, at *5 (same); *Bartfield*, 578 F. Supp. 2d at 650 (dismissing derivative claims because joining the LLC as a necessary party would destroy complete diversity where a plaintiff and a defendant were both members of the LLC). Accordingly, for want of subject matter jurisdiction over this case, it must be remanded to state court.

Had the hostilities ceased with defendant's concession on plaintiff's motion to remand, there would have been little reason to develop the litigation history and the Court's reasoning. But, as previewed earlier, the war between the LLC members did not end there. On January 5, 2017, Atanasio filed a motion for attorney's fees. (Pl.'s Mot. Att'y's Fees, ECF No. 18). He contends that he should be awarded fees under 28 U.S.C. § 1447(c) because O'Neill did not possess an objectively reasonable basis for removal. (*Id.* at 2-3); *see Martin*, 546 U.S. at 141 ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). Although the Court need not, and consequently has declined to, rule on Atanasio's citizenship since it is academic to the substance of the squabble over removal, O'Neill's arguments about Atanasio's citizenship were initially at the crosshairs of the dispute about removal, and the arguments were not objectively unreasonable as the parties litigated the issue. (Def.'s Mem.). Furthermore, the

Court will not penalize defendant for not recognizing the LLC jurisdictional catch-22. Bluntly, it provided a ground for remand—the ground on which the Court grants remand—that Atanasio himself neglected to perceive and bring to the Court's attention. Under these exceptional circumstances, an award of attorney's fees is not appropriate.

## Conclusion

For the foregoing reasons, plaintiff's motion to remand this case to state court is granted. His motion for attorney's fees, however, is denied.

The Clerk of Court is directed to remand the case to Supreme Court, Kings County, and to close this docket for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
January 15, 2017

s/Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge